dant was being held with "no bond." Evidence that defendant was held with "no bond" tended to prove that he knowingly escaped from confinement because he was unable to post bond to get out of jail. Furthermore, evidence that defendant was held with "no bond" demonstrated why defendant had to sign a false name on the bond form in order to escape from jail. If defendant had signed his own name, he would presumably have not been released on bond. In addition, the probative value of the evidence outweighs any prejudicial effect because the jury was not told that defendant was being held on "no bond" because of prior offenses. Defendant's final point is denied.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, J., and CLIFFORD H. AHRENS, J., concur.

Kenneth M. Dake, Sedalia, MO, for Appellants.

David P. Bub, St. Louis, MO, for Respondent.

Robert B. Reeser, Jr., Sedalia, MO, Co-Counsel for Appellants.

Before LOWENSTEIN, P.J., NEWTON and HOLLIGER, JJ.

### ORDER

PER CURIAM.

Appellants filed suits to recover from respondent, their property insurer, for losses to a dwelling and its contents. The respondent raised the affirmative defense of material misrepresentation because numerous losses had not been divulged. Appellants assert instructional error based on failure to include in the verdict directors the element that the misrepresentations were meant to deceive. Affirmed. Rule 84.16(b).

---

**Leo PRIESMEYER and Barbara Priesmeyer, Appellants,**

v.

**SHELTER MUTUAL INSURANCE COMPANY, Respondent.**

No. WD 59924.

Missouri Court of Appeals, Western District.

May 7, 2002.

---

**STATE of Missouri, Respondent,**

v.

**Timothy John BART, Appellant.**

No. WD 59749.

Missouri Court of Appeals, Western District.

May 7, 2002.

John M. Schilmoeller, Asst. Public Defender, Kansas City, for Appellant.